UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL A. STOPPIE, | : | |
| | : | |
| Petitioner | : | No. 4:CV-11-1194 |
| | : | |
| vs. | : | (Petition Filed 6/23/11) |
| | : | |
| JUSTICES OF SUPREME COURT OF PENNSYLVANIA, | : | (Judge Muir) |
| | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

June 28, 2011

Presently before the court is a petition for writ of mandamus filed pursuant to 28 U.S.C. § 1651(a), by petitioner, Paul A. Stoppie, an inmate currently confined in the State Correctional Institution, Dallas, Pennsylvania. Petitioner requests this Court "issue an order upon the Justices of the Supreme Court of Pennsylvania to adjudicate and rule, and issue an order granting or denying petitioner the relief he seeks pursuant to the writ of mandamus pending before that court within 30 days." (Doc. 1, petition). Along with his petition, Stoppie filed an application to proceed in forma pauperis. (Doc. 2). For the following reasons, the petitioner's application to proceed in forma pauperis will be granted only

for the purpose of filing the action and the petition for writ of mandamus will be dismissed for lack of jurisdiction.

**Discussion**

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-settled that a court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir.1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Stoppie does not allege any action or omission by a federal officer, employee, or agency that a United States District Court might have mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

Instead, Stoppie asks this Court to exercise its mandamus jurisdiction over the Pennsylvania Supreme Court. However, this Court does not have jurisdiction to grant such request. See In re Mangino, 201 Fed. Appx. 888 (3d Cir. 2006)(citing In re Wolenski, 324 F.2d 309, 309 (3d Cir.1963)(explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official")). See also White v. Ward, 145 F.3d 1139, 1139 (10th Cir.1998) (explaining that federal courts "lack [ ] jurisdiction to direct a state court to perform its duty"); Demos v. United States Dist. Ct. for the E. Dist. of Wash., 925 F.2d 1160, 1161-62 (9th Cir.1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court.").

Accordingly, because this Court lacks jurisdiction to grant the relief that Stoppie requests, his petition will dismissed. An appropriate Order accompanies this Memorandum Opinion.

                                        s/Malcolm Muir
                                        MUIR
                                        United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL A. STOPPIE, | : | |
| | : | |
| Petitioner | : | No. 4:CV-11-1194 |
| | : | |
| vs. | : | (Petition Filed 6/23/11) |
| | : | |
| JUSTICES OF SUPREME COURT OF PENNSYLVANIA, | : | (Judge Muir) |
| | : | |
| Respondents | : | |

### ORDER

June 28, 2011

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing the petition.

2. The petition for a writ of habeas corpus is **DISMISSED**, for lack of jurisdiction.

3. The Clerk of Court shall **CLOSE** this case.

                                          s/Malcolm Muir
                                          MUIR
                                          United States District Judge